FILED

2026 Jul-22  PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GIDEON J. SIPIN,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:26-cv-374-EGL** |
| | ] | |
| **THE BANK OF NEW YORK** | ] | |
| **MELLON TRUST COMPANY,** | ] | |
| **N.A. , et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## SHOW CAUSE ORDER

This matter is before the Court on its own motion under Federal Rule of Civil Procedure 11(c)(3). The Court has serious concerns that pleadings and memoranda submitted by Gideon J. Sipin rely on legal authorities that do not exist or that do not say what he represents they say.

Under Rule 11(b), "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(2). That certification

applies with full force to unrepresented parties. *Id.* Citing to "non-existent legal authority, made-up quotations that are not from the cited cases, and blatant misrepresentations of the contents of cases" violates Rule 11. *Allston v. Desantis*, No. 6:24-cv-1085, 2025 WL 3484765, at *5 (M.D. Fla. Dec. 4, 2025).

As the Court noted in its order granting Defendants' motion to dismiss, *see* Doc. 33 at 12 & n.6, two of Sipin's citations appear fictitious. First, Sipin cited "In re Salamon, 509 B.R. 360, 368 (Bankr. E.D.N.Y. 2014)" for the proposition that the "transfer of [a] mortgage into [an] RMBS trust after [its] closing date was void under EPTL § 7-2.4 because the trust lacked capacity to accept new assets post-closing." Doc. 19 at 11-12. The Court has been unable to locate this case. Second, Sipin cited *Bank of New York Mellon v. Gales*, 116 A.D.3d 723 (N.Y. App. Div. 2014), for the rule that New York Estates, Powers and Trusts Law § 7-2.4 "renders trustee acts in contravention of [a] trust void, not merely voidable." Doc. 19 at 12. *Gales* neither cites nor discusses EPTL § 7-2.4 and announces no such rule. The citation therefore substantially misrepresents the case.

Accordingly, the Court **ORDERS** Sipin to **SHOW CAUSE**, on or before August 5, 2026, why the conduct described above does not violate Rule 11(b)(2) and why sanctions should not be imposed. Sipin's response must explain how these citations came to appear in his filings, including whether artificial intelligence or any other research tool was used to identify or draft them, what steps he took to verify

them before filing, and he must state any reasons why sanctions would be unwarranted.

Failure to respond may itself result in sanctions. Any sanction will be limited to what suffices to deter repetition of this conduct or comparable conduct by others similarly situated, and may include nonmonetary directives, an order to pay a penalty into court, or an order directing payment of reasonable attorney's fees and other expenses directly resulting from Sipin's violation. *See* FED. R. CIV. P. 11(c)(4).

**DONE** and **ORDERED** this 22nd day of July, 2026.

**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE

3